

FILED

2012 Jun-14  PM 01:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

NORTHEASTERN DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>                    Plaintiff,<br><br>          v.<br><br>LIFECARE OF ALABAMA, INC.;<br>LIFECARE OF ALABAMA 401(k) PLAN;<br>AND SUSAN CLINGMAN-BANKS,<br>AN INDIVIDUAL;<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILE NO.<br><br><br><br><br><br><br><br><br><br>**C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff HILDA L. SOLIS, Secretary of Labor, UNITED STATES
DEPARTMENT OF LABOR ("the Secretary") alleges as follows:

1.      This cause of action arises under the Employee Retirement Income
Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under
ERISA sections 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices
which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of
fiduciary duty under ERISA section 409, 29 U.S.C. § 1109, and to obtain such other further
relief as may be appropriate to redress violations and enforce the provisions of that Title.

2.      This court has subject matter jurisdiction over this action pursuant to
ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.      Venue lies in the Northern District of Alabama pursuant to ERISA
section 502(e)(2), 29 U.S.C. § 1132(e)(2).

4.     The LifeCare of Alabama 401(k) Plan (hereinafter "the Plan") is an employee benefit plan within the meaning of ERISA section 3(3), 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to section 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5.     Defendant LifeCare of Alabama, Inc. ("LifeCare" or "the Company") is an Alabama corporation located in Hartselle, Morgan County, Alabama.

6.     Defendant LifeCare, the Plan sponsor, Plan administrator and named fiduciary, was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

7.     Defendant Susan Clingman Banks ("Clingman Banks"), an individual and the trustee of the Plan, was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA section 3(14)(A), 29 U.S.C. § 1002(14)(A).

8.     The Plan was established by LifeCare effective September 1, 2005.

9.     The Plan permitted participants to contribute a portion of their pay to the Plan through payroll deductions.  The Plan required the Company to make matching contributions on behalf of participants at the rate of 50% of the employee's deferral, up to 6% of compensation.

10.    In accordance with 29 C.F.R. § 2510.3-102, participant contributions were required to be forwarded to the Plan on the earliest date on which such contributions could reasonably be segregated from the employer's general assets.

2

11.    For payroll periods between September 23, 2005 and September 30, 2008, Defendant LifeCare withheld employee contributions to the Plan in the amount of $105,586.09, failed to segregate the contributions from Company assets as soon as it reasonably could do so and failed to timely forward them to the Plan in accordance with ERISA.

12.    For payroll periods between October 1, 2008 and March 31, 2010, Defendant LifeCare withheld employee contributions to the Plan in the amount of $112,354.91, failed to segregate the contributions from Company assets as soon as they reasonably could do so and never forwarded them to the Plan.

13.    During the periods that participant contributions were not remitted to the Plan as required, Defendants LifeCare and Clingman Banks caused or allowed the contributions to be commingled with the general assets of the Company.

14.    Defendants LifeCare and Clingman Banks caused or allowed the commingled funds referred to in the preceding paragraph to be used for Company purposes and obligations rather than for the exclusive benefit of the Plan and the participants.

15.    Defendants LifeCare and Clingman Banks have failed to take action to restore to the Plan the full amount of the un-remitted contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs.

16.    Defendants LifeCare and Clingman Banks failed to monitor, control or attempt to rectify the acts of one another with respect to the Plan.

17.    By the actions described in paragraphs 11 through 17, Defendants LifeCare and Clingman Banks, as fiduciaries of the Plan,

(a)    failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits

3

to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

        (b)     failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

        (c)     failed to ensure that all assets of the Plan be held in trust by one or more trustees, in violation of ERISA section 403(a), 29 U.S.C. § 1103(a);

        (d)     failed to ensure that the assets of the Plan did not inure to the benefit of the Company, in violation of ERISA section 403(c)(1), 29 U.S.C. § 1103(c)(1);

        (e)     caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

        (f)     dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA section 406(b)(1), 29 U.S.C. § 1106(b)(1); and

        (g)     acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants and beneficiaries in violation of ERISA section 406(b)(2), 29 U.S.C. § 1106(b)(2).

        18.     Defendants LifeCare and Clingman Banks are each liable for the breaches of the other, pursuant to ERISA section 405(a), 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in

violation of section 405(a)(1), 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of section 405(a)(2), 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of section 405(a)(3), 29 U.S.C. § 1105(a)(3).

WHEREFORE, pursuant to ERISA sections 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A.    Order Defendants LifeCare and Clingman Banks to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary obligations;

B.    Order that the Plan set off the individual Plan account of Defendant Clingman Banks against the amount of losses, including lost opportunity costs, resulting from her fiduciary breaches, as authorized by section 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, section 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants and reallocated to the non-breaching participants;

C.    Appoint a successor fiduciary or administrator, at Defendants LifeCare and Clingman Banks' expense;

D.    Permanently enjoin Defendants LifeCare and Clingman Banks from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

E.    Enjoin Defendants LifeCare and Clingman Banks from engaging in any further action in violation of Title I of ERISA;

      F.     Award Plaintiff the costs of this action; and

      G.    Provide such other relief as may be just and equitable.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 302-5435
 (404) 302-5438 (FAX)

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: _Karen E. Mock_
    KAREN E. MOCK
    Senior Trial Attorney

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff

SOL Case No. 11-10148